CARONDOLET MARINE RY., ETC.. CO. v. The SAM KIRKMAN. See Case No. 8,658.

## Case No. 2,425.

CAROTHERS v. CHESAPEAKE & O. CANAL CO.

[4 Cranch, C. C. 698.] [1]

Circuit Court, District of Columbia. March Term, 1836.

CONSTRUCTION OF CONTRACT—OBJECTION TO QUANTITY OF WORK DONE AFTER TIME SPECIFIED.

Under the contract between the plaintiff and the defendant, the final estimate of the engineer, of the amount and value of the work done by the plaintiff, was to be conclusive, unless objected to within twenty days. The plaintiff, within the twenty days, objected to the estimate of the price, but not of the quantity of the work. He cannot, after the twenty days, object to the estimate of the quantity of the work done. It is conclusive between the parties.

At Law. Assumpsit [by John Carothers against the Chesapeake & Ohio Canal Company] for work and labor upon the canal.

A final estimate was made by Rodier, an engineer, and objected to by the plaintiff, within the twenty days allowed by the contract; but his objection was only to the price, not to the quantity, of the excavation. The board of directors, according to the terms of the contract, referred the estimate to Cruger, another engineer, who confirmed the estimate of Rodier. The plaintiff now complains that the quantity of excavation allowed is too small, as well as the price, and has brought his action for the difference, which he claims, both as to price and quantity.

Mr. Brent, for the plaintiff, contended that the decision of Cruger is not binding on the plaintiff, because he had not notice to attend the engineer, who was to be considered as an arbitrator, and whose award has been given ex parte.

But THE COURT overruled the objection; being of opinion that the plaintiff is, by his contract, bound by the decision of Cruger. THE COURT was also of opinion that the final estimate was equally conclusive as to extra work.

---

CAROTHERS (PATTON v.). See Case No. 10,833.

---

## Case No. 2,426.

In re CAROW.

[4 N. B. R. (1871) 543 (Quarto, 178); [2] 41 How. Pr. 112.]

District Court, S. D. New York.

INSURANCE — EFFECT OF ADJUDICATION IN BANKRUPTCY— MARSHAL'S FEES — DISBURSEMENTS BY ASSIGNEE.

1. An adjudication of bankruptcy terminates the interest of the bankrupt in any policy of insurance, and the policy is thenceforth void and of no effect; but an insurance company may consent to continue their liability by the usual

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reprinted from 4 N. B. R. 543 (Quarto, 178), by permission.]

transfer of the policy to the register in charge of the bankruptcy proceedings, until an assignee shall have been appointed, and may also transfer said policy to the assignee when appointed. It is optional with the company to continue the risk by such transfers, or to cancel the same. The title to the property of a bankrupt, by operation of law vests in the register as register, although the property may be in the possession of the United States marshal as messenger, it is still in the possession of the court, and the register is, by the bankrupt law [14 Stat. 519], the court.

[Cited in Re Blaisdell, Case No. 1,488; Re Dole, Id. 3,965.]

2. The United States marshal and assignee are officers of the court, and must obey the orders of the register, and their necessary expenses and disbursements made by them in the protection of the property of the bankrupt's estate, must be taxed by the register and paid out of the estate.

[On certificate of John Fitch, Esq., register in bankruptcy.]

### Opinion.

This cause is now pending before me. The said Carow has been duly adjudicated a bankrupt by the district court. The United States marshal, as messenger, has seized, attached, and has in his possession, under the order of this court, three ships, claims of indebtedness to the bankrupt, and other property, claimed by creditors to be the property of the estate of the bankrupt. It is satisfactorily shown to me by creditors and by the said United States marshal, that these ships are estimated to be worth from eighty to one hundred thousand dollars or more, subject to liens and incumbrances. It appears, by the schedules of the said bankrupt, that the said three ships were previously insured in various companies, and that notes of the bankrupt were given in payment of said insurance, which notes have not been paid, and are set out in said schedule as part of the indebtedness of the said bankrupt. I decide as a matter of law that the adjudication of this court, declaring the said Carow a bankrupt, ended the liability of the companies upon their policies, unless they saw fit, at the request of the register in bankruptcy or the United States marshal as messenger, in writing, to consent to continue their liability under said policies by the usual consent and transfer of said policies from the said Carow to the said register or marshal, on account of the creditors of the estate, until an assignee shall have been appointed, and then it would be optional with the companies to continue the risks by transfers to the assignee or to cancel the same. The interest of the assured in a policy ceases with any transfer thereof. An adjudication of bankruptcy by operation of law transfers the interest of the bankrupt in a policy to the register. The policy is not assignable without the consent of the company in writing. The assignment of the policy to the register to be of any benefit to the estate, must be with the consent of the company in writing, and without such consent the policy, after

such adjudication, would be void and of no effect, as an assignment without consent of the company avoids the policy. Smith v. Saratoga County Mut. Fire Ins. Co., 1 Hill, 497. It is not necessary that the bankrupt should pro forma assign the policy to the register, as the register takes it by operation of law. The filing of a petition in bankruptcy at once brings the property of the insolvent into the bankruptcy court, and places it in its custody and under its protection as fully as if actually brought into the visible presence of the court. I hold it to be my duty and that I am required by law, to protect the interest of the creditors, or by an order of this court to direct the United States marshal to cause the said ships to be properly insured, in safe and responsible insurance companies, as by the bankrupt law the title of the property and estate of the bankrupt upon the adjudication and order of reference to the register, by operation of law, at once vests in the register as register; and although in the actual possession of the United States marshal as messenger, it is still in the possession of the court, and he will be protected in his obedience to its orders by the court. His expenses, disbursements, and costs are taxed and allowed by the register. Rule 5. The register has the power to order the payment of fees and expenses incurred in the proceedings out of the funds in the hands of the assignee. In re Lane [Case No. 8,042.] He may appoint a watchman to take charge of the property. In re Bogert [Id. 1,599]; In re Shafer [Id. 12,694]. He is authorized and required to receive the surrender of property and keep it safely until it can be turned over to the assignee. In re Hasbrouck [Id. 6,189]. In this case the money necessary to pay for the insurance will have to be advanced by the marshal, and be allowed to the marshal in his bill of costs, with a fair compensation for the use of it, to be allowed and taxed by the register and paid out of the proceeds of the estate. I hold it to be the duty of the register to exercise a sound discretion in regard to the direction to be given in regard to estates in bankruptcy, that all insurable property should be properly insured and properly cared for in every respect; that the register is, as it were, the guardian and protector of the property in the possession of the court, and under its control, and the marshal, as an officer of the court, is also under its control, as it was held in the case of In re Glaser [Id. 5,474], Blatchford, J., that district courts had original jurisdiction in all matters and proceedings in bankruptcy, and that jurisdiction extends to all acts, matters, and things to be done under and in virtue of the bankruptcy. The estate surrendered is placed in the custody of the court so sitting in bankruptcy, and the officer (assignee or trustee) appointed to manage it, is accountable to the court appointing him and to that court alone. In re Barrow (In re Loeb,

Simon & Co. and In re Winter) [Id. 1,057]; In re Schnepf [Id. 12,471]; In re Bowie, [Id. 1,728]. The commencement of proceedings in bankruptcy at once transfers to the district court the jurisdiction over the bankrupt, his estate, and all parties and questions connected therewith. Jones v. Leach [Id. 7,475]; Pennington v. Sale [Id. 10,939]; In re Kingon [Id. 7,815], and the authorities there cited.

The United States marshal, as messenger, is an officer of the court, and subject to its authority and control, and must obey its orders and directions as well as such officer can, for the interests of the creditors, and also have a care that the interests of the bankrupt shall be protected, and that his property shall be so managed as to realize the largest amount attainable, both for the interest of the creditors, and that the bankrupt may, by such judicious management of his property and effects, come within the provision of the fifty per cent. clause. In order to afford the marshal, as messenger, full protection and guarantee by order of the district court from loss by reason of his advance for premiums upon the policies of insurance, I propose to grant the following order in this cause: "That the United States marshal cause to be insured the three ships now in possession under and by virtue of an order of this court, viz.: Polar Star, Tri Mountain, and Edith; that he cause to be insured the Polar Star at the sum of sixteen thousand dollars, the Tri Mountain at twenty-six thousand dollars, and the Edith at forty-five thousand dollars, or as near those sums as he can procure insurance on them respectively, in safe, solvent, and responsible insurance companies in the state of New York, upon reasonable and proper terms as to rates of insurance for the space of two months." which, as the order of this court, will afford the marshal ample protection, and at the same time secure the creditors the value of the property in case of loss, and also secure the other claimants and all those having prior liens or admiralty liens which may have become vested rights prior to the adjudication in bankruptcy. In any event the policies should be so worded as to cover the interests of all concerned. As this is a question as to the power of the register in involuntary cases to cause proper care to be taken of property, I ask the direction of the district court as to the issue of the order of the United States marshal, as the marshal desires the protection and direction of the court in this matter, there being adverse claimants of the property to be insured, and the attorneys for the bankrupt claim that the bankrupt had neither right, title, nor interest in the ships, and that this court in bankruptcy has not, by any proceedings in this cause, acquired any jurisdiction over the same. I certify the same to the court.

BLATCHFORD, District Judge. If the marshal, as messenger, has these ships in his possession and actual custody as the property of the bankrupt, it is proper they should be insured in such sums and for such time as shall seem to the register proper. In that view, and on the certificate of the register, the annexed proposed order is approved.